IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN PEOPLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 06-2818 |
| | § | |
| ALDINE INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The City of Houston has moved to modify a protective order entered in this case. This case arose from a student's accusation of sexual misconduct against a teacher. John Peoples, a teacher in the Aldine Independent School District ("AISD"), was accused of an improper sexual relationship with a fourteen-year-old student. The AISD investigated and fired Peoples. The City of Houston also investigated. Peoples was charged with sexual assault of a child and arrested. The student recanted her accusation after Peoples spent five months in jail. The Harris County District Attorney dropped the charge against Peoples, who sued the AISD, its Board of Trustees, three AISD employees who had investigated the child's accusation, and the City of Houston and the police officer whose investigation had resulted in the criminal charges. While Peoples's suit was pending, the student recanted her recantation. Peoples agreed to dismiss this suit, with prejudice. (Docket Entry No. 53). The City has now moved to amend an agreed protective order entered during discovery in this

case. (Docket Entry No. 54). The City wants to respond to a grand jury subpoena by providing a copy of the statement obtained from the student recanting her recantation and renewing her accusation of sexual misconduct. (*Id.*). Peoples opposes the City's motion to amend the protective order. (Docket Entry No. 55).

Based on a careful review of the motion, the reply, the protective order, and the applicable law, this court grants the City's motion to amend. The reasons are explained in detail below.

**I.  Background**

The City moved for a protective order in Peoples's suit to protect the student's privacy. (Docket Entry No. 45). Under the March 16, 2006 Second Agreed Protective Order, the parties agreed that certain documents would be kept confidential, would not be disclosed other than to the parties, and would be returned to the City when the case ended. The City taped a statement by the student who had accused Peoples in the first place. The student stated under oath that her previous recanting had been a lie, and that she and Peoples had in fact had a sexual relationship while she was a student and he was an instructor at Aldine Middle School. This tape was produced in discovery as item (d), "Cassette tape recording of sworn statement of C.L., a minor, Bates stamped peoples01417," and was subject to the protective order.

In March 2008, the parties filed a joint stipulated dismissal, which this court granted. (Docket Entry Nos. 52, 53). After the case was dismissed, the City told the District Attorney's Office about the student's renewed accusation. (Docket Entry No. 54, ¶4). The

District Attorney asked for a copy of the student's statement. The City refused on the basis that the statement was subject to the agreed protective order. (*Id.*).

On April 3, 2008, the District Attorney's Office issued a grand jury subpoena to the City of Houston, seeking the student's taped statement. (Docket Entry No. 54, Ex. A). The City moved in state court to quash the subpoena on the basis of the protective order. (Docket Entry No. 54, Ex. B). The state court judge who heard the motion to quash suggested that the City file a motion to amend the protective order. (Docket Entry No. 54, ¶5). The City has now moved to amend the protective order to allow it to comply with the grand jury subpoena by producing item (d), "Cassette tape recording of sworn statement of C.L., a minor, Bates stamped peoples01417." (Docket Entry No. 49; Docket Entry No. 54, ¶7). Peoples opposes the motion, arguing that the City is bound by the protective order and that the District Attorney must move to intervene under Rule 24 of the Federal Rules of Civil Procedure if it wants the order modified. (Docket Entry No. 55, ¶17).

**II.   Analysis**

A court has discretion to modify a protective order it has entered as long as the order remains in effect. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *In re United States' Motion to Modify Sealing Orders*, No. 5:03-MC-2, 2008 WL 2385598, at *1–2 (E.D. Tex. June 8, 2008). The court retains this power even if the underlying suit has been dismissed. *United Nuclear*, 905 F.2d at 1427. This flexibility permits a party to seek modification of a protective order. *Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000). A nonparty may also seek access to protected materials through

intervention under Rule 24.  *United Nuclear*, 905 F.2d at 1427.

In determining whether to modify a protective order, courts consider four factors: "1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006); *accord Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 458 (S.D.N.Y. 1995).

When evaluating the nature of a protective order, courts consider "its scope and whether it was court imposed or stipulated to by the parties." *Murata*, 234 F.R.D. at 179 (quoting *Bayer*, 162 F.R.D. at 465).  Orders covering "a specific type of identified information" are narrowly defined "and so are more difficult to modify." *Murata*, 234 F.R.D. at 179.  "A party's prior consent to the protective order will weigh against its motion for modification." *Bayer*, 162 F.R.D. at 466.  In this case, the protective order was stipulated to by the parties, but it was not limited to or targeted to the statement at issue.

Foreseeablity in this context is a question of "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Murata*, 234 F.R.D. at 180 (quoting *Bayer*, 162 F.R.D. at 466).  "[A] party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Murata*, 234 F.R.D. at 180 (quoting *Jochims v. Isuzu Motors Ltd.*, 145 F.R.D. 499, 502 (S.D. Iowa 1992)).  In this case, the protective order

stipulates that "the parties herein may petition the Court, for good cause, to request a modification." (Docket Entry No. 49). This factor also weighs in favor of modification.

The reliance factor focuses on "the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." *Murata*, 234 F.R.D. at 180 (quoting *Bayer*, 162 F.R.D. at 467). Courts have found it "presumptively unfair . . . to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). Peoples, the only party opposing modification, did not rely on the protective order in producing the statement at issue. This factor also supports modification.

"Good cause" in this context requires "changed circumstances or new situations" warranting modification of a protective order. *Murata*, 234 F.R.D. at 180. Good cause includes the need to make information available for use in subsequent proceedings. *Bell ex rel. Bell v. Chrysler Corp.*, No. 3:99-CV-0139-M, 2002 WL 172643, at *1–2 (N.D. Tex. Feb. 1, 2002) (finding good cause to modify a protective order to permit disclosure of materials in a subsequent civil suit); *Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 551 (N.D. Tex. 1985) (granting modification of a protective order to permit deponents to comply with subpoenas issued by the Securities and Exchange Commission). In determining whether the moving party has established good cause, "the court must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals." *Murata*, 234 F.R.D. at 180.

In this case, the modification is sought to make a statement available in a subsequent proceeding, which is the type of changed circumstance courts recognize as good cause for modifying a protective order. *See Bell*, 2002 WL 172643, at *1–2; *Phillips*, 105 F.R.D. at 551.

Each of the relevant factors supports modifying the protective order as the City, a party to this lawsuit, seeks, without requiring intervention by any third party. The need for modification to permit the City to comply with a grand jury subpoena outweighs Peoples's interest in shielding the statement from disclosure. All the factors relevant to the court's decision weigh in favor of granting the City's motion to amend. *See Murata*, 234 F.R.D. at 180.

### III.  Conclusion

The City's motion to amend the Second Agreed Protective Order is granted. Item number (d), "Cassette tape recording of sworn statement of C.L., a minor, Bates stamped peoples01417," is no longer subject to that Order.

SIGNED on June 19, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge